WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,    )<br>                              )<br>            Plaintiff,       )<br>                              )<br>       vs.                    )<br>                              )<br>Daniel Morales,               )<br>                              )<br>            Defendant.        )<br>_____) | No. CR 90-233-PHX-RCB<br><br>O R D E R |

    Currently pending before the court is a motion by Daniel A. Morales, "request[ing] the replacement of [his] counsel of record, Michael Ryan[,] for new counsel[.]" Mot. (Doc. 888) at 1. Alternatively, Mr. Morales is seeking "perm[ission] to represent himself in propria persona in the refilling [sic] for a Kastigar Hearing." Id. (emphasis added). For the reasons set forth below, the court DENIES Mr. Morales' motion insofar as he is seeking new counsel. The court GRANTS Mr. Morales' motion for alternative relief, however, and will allow him to proceed *pro se* if he decides to refile his previously withdrawn motion for a Kastigar hearing.

### *Background*

    After being contacted by Assistant Public Defender Gregory

Bartolomei, on July 14, 2008, this court appointed him to represent Mr. Morales on the "issue of delinquent restitution." Ord. (Doc. 866) at 1:22. Apparently due to the limited scope of that representation, on April 3, 2009, in a *pro se* capacity Mr. Morales filed a motion for a Kastigar hearing[1]. Mot. (Doc. 868). In January 2010, after discovering an "inadvertently overlooked[] conflict of interest in the Office of the Federal Public Defender, Mr. Bartolomei moved to withdraw as counsel for Mr. Morales. Mot. (Doc. 877) at 1:21. He also moved for the appointment of Michael Ryan as counsel for Mr. Morales. Id. at 1:22-23. The court granted that motion but there were no limitations on the scope of that representation as there had been with Assistant Public Defender Bartolomei. See Ord. (Doc. 878).

Thereafter, in United States v. Morales, 2010 WL 2036522 (D.Ariz. May 20, 2010), among other things, this court *sua sponte* denied without prejudice to renew Morale's motion requesting a Kastigar hearing. Id. at *1. This court reasoned that Mr. Morales was "now represented by counsel, who declares that he is investigating Morales' contention that he is entitled to a *Kastigar* hearing[.]" Id. (citation omitted).

No further activity ensued until October 28, 2010, when Morales filed the pending motion seeking, *inter alia*, "new counsel[.]" Mot. (Doc. 888) at 1 and 3. As Morales explains it, attorney Ryan has opined that because Morales is not making a

---

[1] Simply put, "[a] person compelled to give testimony against himself is entitled to a *Kastigar* hearing in any subsequent prosecution and the Government must affirmatively establish a legitimate source for the prosecution wholly independent of the compelled testimony." U.S. v. Renzi, 686 F.Supp.2d 991, 994 (D.Ariz. 2010).

"claim of innocence[,]" it would be "fruitless" to re-file the motion for a <u>Kastigar</u> hearing. <u>Id.</u> at 2. Mr. Morales' contends that has engaged in "continuous efforts . . . to help and assist" attorney Ryan in understanding Morales' belief that he is entitled to a <u>Kastigar</u> hearing even in the absence of a claim of innocence. <u>Id.</u> Yet, Morales perceives that Ryan has "no interest" in "assisting in any subsequent research or filing of [that] [<u>Kastigar</u>] argument." <u>Id.</u> Thus, Morales is seeking to replace attorney Ryan because purportedly he misapprehends the nature of Morales' <u>Kastigar</u> argument. <u>Id.</u>

Morales also appears to be dissatisfied with attorney Ryan's handling of this matter. For one thing, Morales remarks on the gap in time between Ryan's appointment and his informing Morales that "only in the claim of innocence can [Morales] have a possible opportunity to be heard." <u>Id.</u> at 2. Morales further claims that attorney Ryan did not consult the record prior to advising him. <u>See</u> <u>id.</u>

Attorney Ryan is "tak[ing] no position" as to Mr. Morales' motion to replace him due to their "disagree[ment] about [Morales'] right to a *Kastigar* hearing." Resp. (Doc. 891) at 1:15-16. Tellingly, however, attorney Ryan devotes the remainder of his response to "evaluati[ng]" and "review[ing]" Morales' claim of entitlement to a <u>Kastigar</u> hearing. <u>Id.</u> at 1:16-17; and at 2:21. From attorney Ryan's standpoint, Morales is seeking a post-trial <u>Kastigar</u> hearing because he "strongly believes [that] his convictions are tainted by immunized statements made during a series of interviews with Oklahoma government agents[.]" <u>Id.</u> at 2:13-14.

Significantly, however, attorney Ryan explains that Mr. Morales has "raised that issue at least three times[.]" Id. at 4:26. Each time he was unsuccessful. In his motion to vacate his sentence pursuant to 28 U.S.C. § 2255, Mr. Morales argued, *inter alia*, that his conviction was tainted by the use of immunized statements from the 1982 Oklahoma investigation. This court denied that motion as untimely. See id. at 4:17 (citations omitted). This court likewise denied Morales' reconsideration motion. Ord. (Doc. 815). The Ninth Circuit Court of Appeals affirmed this court's denial of Mr. Morales' section 2255 motion as untimely. U.S. v. Morales, 71 Fed.Appx. 692 (9th Cir. 2003).

On appeal to the Ninth Circuit, Mr. Morales' Civil Justice Act appointed counsel at the time filed a motion to withdraw as counsel, which that Court granted. See id. at 693 n.2. The primary basis for that motion was the untimeliness of Morales' section 2255 motion. See Resp. (Doc. 891) at 4:20-22. The Ninth Circuit granted that motion to withdraw, but it did allow Mr. Morales to file his own brief on appeal. In that brief, once again, Mr. Morales raised the issue of taint due to use of immunized statements from the 1987 Oklahoma investigation. Id. at 4:22-25.

Without commenting on that issue, the Ninth Circuit affirmed this court's denial of Morales' section 2255 motion as untimely. See Morales, 71 Fed.Appx. at 692-693. Based upon this sequence of events, attorney Ryan opines that "Morales has long since lost the opportunity to litigate []his [Kastigar] claim." Resp. (Doc. 891) at 5:3. Nevertheless, "[i]f, . . . , the Court is inclined to hear the claim, [attorney Ryan] would be willing to argue the point."

-4-

Id. at 5:2-4.

Turning to his representation of Mr. Morales, attorney Ryan "disagrees" with Mr. Morales' "suggestion that [Ryan] did not spend enough time with him." Id. at 5:9.  Not only did he have an initial one and a half hour meeting with Mr. Morales, but Ryan stresses that he "had several lengthy telephone conversations [with Morales] and numerous emails." Id. at 5:10-11.  Mr. Ryan also disputes Morales' statement that prior to meeting with Morales Ryan did not consult the record. See id. at 5:12-13.  Ryan counters that prior to their meeting, he "reviewed the relevant documents[.]" Id. at 5:12.

In his reply,[2] Morales emphasizes that "the fundamental difference[] between counsel [Ryan] and [Morales] is *not* with counsel's competence but rather in the lack of interest on his part to read the case." Reply (Doc. 894) at 2:23-24 (emphasis added). Reversing his original position that Ryan should be replaced with new counsel, Morales now "firmly believes that . . . Ryan is perfectly capable and competent to represent [him][.]" Id. at 4:20-21.  Given that reversal, Morales also "firmly believes" that "this. . . court should direct attorney . . . Ryan in the proper filing in the petitioners [sic] request for a true Kastigar hearing." Id. at 4:20-23.

### *Discussion*

Preliminary, the court notes that both the response and reply are untimely.  Basically, LRCiv 7.2(c) requires that a response be

---

[2] Morales styles his reply as a "Motion in Response to Counsel Michael Ryan's Response for New Counsel[.]" Reply (Doc. 894) at 1.  However, as the "moving party," in accordance with LRCiv 7.2(d), the court deems Morales' filing to be a Reply  - not a Response.

-5-

served and filed within 14 days after service of a motion. Subsection (d) of that same Rule requires that a reply be filed and served within seven days after service of the response. Even allowing for three additional days pursuant to Fed. R. Civ. P. 6(d),[3] the response here was 13 days late, and the reply was a week late. Because these late filings do not prejudice either party, the court will overlook their late filing.

Under the particular circumstances herein, attorney Ryan has no obligation to remain as appointed counsel for Mr. Morales. Attorney Ryan convincingly opines, as noted above, that "Morales has long since lost the opportunity to litigate []his [Kastigar] claim[.]" Resp. (Doc. 891) at 5:2-3.  As this record amply demonstrates, there would be an inherent conflict if this court were, as Mr. Morales now urges, to require attorney Ryan to file a motion for a Kastigar hearing. The court realizes that Morales contends that his previous 2255 motion differs from the Kastigar argument he wants to make now because earlier he "only addresse[d] . . . the potential Kastigar violations[,]" whereas now he is seeking "a true Kastigar hearing." Reply (Doc. 894) at 2:15-16. This is a distinction without a difference.

Consequently, the court will not require attorney Ryan to continue representing Mr. Morales. Effective immediately, the court hereby relieves attorney Michael Ryan from any further representation of Mr. Morales. Further, because at this juncture it appears that Mr. Morales' request for a Kastigar hearing is

---

[3] That Rule adds three days "after the period would otherwise expire under Rule 6(a)[,]" when, as here, service was accomplished by mail or electronically. Fed. R. Civ. P. 6(d).

- 6 -

untimely, the court finds that the interests of justice would not be served by the appointment of new counsel for Mr. Morales. The court therefore denies Morales' motion to the extent he is seeking appointment of new counsel. The court will, however, grant Mr. Morales' motion to proceed *pro se* in this action and, if he do desires, to refile his previously withdrawn motion for a Kastigar hearing.

In light of the foregoing, the court hereby ORDERS that:

(1) Daniel Morales' "Motion to Replace Counsel of Record Michael Ryan for New Counsel or in the Alternative Petitioner Daniel A. Morales to be Permitted to Represent Himself in the Refiling for a Kastigar Hearing" (Doc. 888), is DENIED insofar as Morales is seeking to replace attorney Michael Ryan with new court appointed counsel for Mr. Morales;

(2) this motion is GRANTED, however, to the extent Morales is seeking leave to represent himself and proceed *pro se* in this matter by refiling his previously withdrawn motion for a Kastigar hearing; and

(3) *sua sponte*, effective immediately, attorney Michael Ryan is relieved from any further representation in this matter of Daniel Morales.

DATED this __27th__ day of December, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Daniel Morales, *pro se*

-7-